UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22260-ALTMAN

**VIVIAN PEREZ**,

    *Plaintiff*,

v.

**NCL (BAHAMAS) LTD.**,

    *Defendant.*

_____/

## **ORDER DENYING MOTION TO PROCEED ANONYMOUSLY**

Our Plaintiff wants to proceed anonymously in this case because "[t]he contents of the lawsuit involve sexual assault claims, and the plaintiff feels unsafe proceeding with the lawsuit using her actual name." Motion to Proceed Anonymously ("Motion") [ECF No. 6] at 1.[1] Although we are sympathetic to the Plaintiff's concerns, "a party may only proceed anonymously in 'exceptional cases.'" *Farmworker Ass'n of Fla., Inc. v. DeSantis*, 716 F. Supp. 3d 1312, 1316 (S.D. Fla. 2024) (Altman, J.) (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). This isn't one of them. Accordingly, the Motion to Proceed Anonymously is **DENIED**.

Because "[l]awsuits are public events," a party may only proceed anonymously in "exceptional cases[.]" *Frank*, 951 F.2d at 323. And there's a "strong presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). To proceed anonymously, a party must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (cleaned up). A court must therefore consider whether the party moving

---

[1] The timing of this Motion is peculiar given that the Plaintiff filed the Complaint in her own name. *See generally* Complaint [ECF No. 1]. Nevertheless, we'll entertain the Motion despite the Plaintiff's initial decision not to proceed anonymously.

to proceed anonymously "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Ibid.* The first and third factors are easy: The Plaintiff isn't challenging government conduct, nor will she be forced to admit that she engaged in criminal conduct. These two factors, in short, weigh against the Plaintiff. *See Frank*, 951 F.2d at 324 ("[B]ecause the plaintiffs were suing private individuals rather than a government agency, the court found *more* reason *not* to grant the plaintiffs' request for anonymity." (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979))); *Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019) ("[W]e cannot say the district court abused its discretion [in denying the motion to proceed anonymously]. . . . [The plaintiff] will not be compelled to admit her intent to engage in illegal conduct.").

The remaining factor is whether the Plaintiff would be compelled "to disclose information of utmost intimacy[.]" *Chiquita*, 965 F.3d at 1247. The Plaintiff—a victim of an alleged sexual assault—claims that "[p]roceeding with the lawsuit under a pseudo-name would also save [her] from further embarrassment and trauma." Motion at 1. While we understand the Plaintiff's reluctance to publicly broadcast her name in connection with an alleged sexual assault, courts in this Circuit "have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Plaintiff B.*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 324); *see also Farmworker Ass'n*, 716 F. Supp. 3d at 1319 ("Indeed, courts have been reluctant to grant anonymity in cases (like ours) that *don't* involve 'abortion, the use of birth control, homosexuality, sexually-exploited minor children, or personal religious beliefs.'" (quoting *Doe #1 v. Austin*, 2022 WL 2116797, at *3 (M.D. Fla. June 10, 2022) (Badalamenti, J.)); *Does v. Swearingen*, 2019 WL 4386936, at *2 (M.D. Fla. Sept. 13, 2019) (Mendoza, J.) ("Moreover, even sexual assault (a matter indisputably of a highly sensitive and personal nature) has not been found to be so

compelling in regard to its intimate nature as to permit plaintiffs to proceed anonymously in instances where the plaintiff is pursuing an action against the alleged abuser." (cleaned up)).

And, while this Court has *occasionally* allowed the alleged victims of sexual abuse aboard cruise ships to proceed anonymously, these victims were either underage, had a mental disability, or both. *See, e.g.*, *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1320 n.1 (S.D. Fla. 2020) (Ungaro, J.) ("Here, Jane is the mother of the victim minor child, F.H., and the subject matter involves information of the 'utmost intimacy,' including sexual assault. Divulging Jane's identity would, by extension, divulge the identity of her minor child. The Court does not find that Defendants would face any unique threat of fundamental unfairness by Plaintiff's proceeding anonymously."); *Doe by and through Doe v. Costa Cruise Lines N.V.*, 2006 WL 8432474, at *4 (S.D. Fla. May 26, 2006) (Cohn, J.) ("Applying this balancing test to the case at bar, the Court concludes that a minor who alleges a sexual assault should be allowed to proceed anonymously to protect the minor from further embarrassment or social stigma, particularly when the minor involved is a learning disabled child."). Since the Plaintiff doesn't allege that she's similarly vulnerable, allegations of sexual assault (awful as they might be) aren't sufficient for her to proceed anonymously.[2]

---

[2] The Plaintiff's Motion (it's true) identifies two cases where federal courts allowed the victims of sex crimes to proceed anonymously. *See Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."); *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014) ("Here, the Court finds a strong public interest in maintaining the confidentiality of Plaintiff's identity, particularly in light of the highly sensitive and personal nature of Plaintiff's allegations."). But these cases don't help the Plaintiff for three reasons. *One*, *Oshrin* was about the *minor victim* of child pornography—not an adult victim of sexual assault. *See* 299 F.R.D. at 101 ("Plaintiff, an alleged victim of child pornography, seeks to pursue anonymously her federal and state tort law claims against Defendant."). *Two*, the *Cabrera* Court *conceded* that, "[w]here victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." 307 F.R.D. at 7. *Three*, to the extent *Oshrin* and *Cabrera* support the Plaintiff's argument, we're still bound to apply the Eleventh Circuit's holding in *Plaintiff B*, which directed us (in general) to "den[y] the protection of anonymity in cases where plaintiffs allege sexual assault[.]" 631 F.3d at 1316; *see also Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent and to use

Accordingly, we hereby **ORDER and ADJUDGE** that the Plaintiff's Motion to Proceed Anonymously [ECF No. 6] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on May 20, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record

---

it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits.").